KAHN, J.,
dissenting.
That the term “clerk” as used in Rule 9.420(f)(15), Florida Rules of Appellate Procedure, is in want of construction, finds ample proof in the skillful and meticulous detail undertaken by the majority to explain the meaning of that term. The term is in fact ambiguous, because Rule 9.010(b) provides alternative definitions for “clerk.” This court has jurisdiction of appeals from thirty-two counties, each of which has constitutional clerks. We also have review jurisdiction as to literally dozens of commissions, boards, agencies, universities, school districts and other government bodies, all of which may have clerks. We do not know, and perhaps could never know, whether each of these entities publishes holiday schedules in advance. This court, however, does so on an annual basis by administrative order. See, e.g. Fla. 1st DCA Admin. Orders 08-1 (July 24, 2008) (2009 holidays) and 09-2 (July 9, 2009) (2010 holidays).
In this case, I would err on the side of adjudication on the merits, and because the office of the clerk of the First District Court of Appeal was in fact closed on December 24, 2009, I would accept the filing in the lower tribunal on Monday, December 28, 2009, as timely. Because we have the authority to construe an ambiguous term used in the Florida Rules of Appellate Procedure, construction as I suggest would counter any suggestion we had ignored the jurisdictional requirements established by the Florida Supreme Court.